UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| LEVAR WILLIAMS, | ) | |
|---|---|---|
| | ) | Case Nos. 1:10-cr-34; 1:14-cv-201 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Levar Williams ("Petitioner"), a federal prisoner, timely filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion"). (Doc. 553.)[1] The government responded (Doc. 559), and Petitioner replied (Doc. 562). Petitioner challenges his designation as a career offender under the United States Sentencing Guidelines § 4B1.1 and argues his sentence should be reduced pursuant to Guidelines Amendment 709, effective November 1, 2007. For the reasons stated herein, Petitioner's 2255 Motion lacks merit and will be **DENIED**.

**I.     STANDARDS**

    **A.     Threshold Standard**

Under 28 U.S.C. § 2255(a), a federal prisoner may make a motion to vacate, to set aside, or to correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States; or that the court lacked jurisdiction

---

[1] All citations to the district court record are to the docket of Case No. 1:10-cr-34 which is the underlying criminal case.

to impose the sentence; or that the sentence is in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack. As a threshold standard, to obtain post-conviction relief under Section 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley,* 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a Section 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states "only bald legal conclusions with no supporting factual allegations.") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations

to impose the sentence; or that the sentence is in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack. As a threshold standard, to obtain post-conviction relief under Section 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley,* 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a Section 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states "only bald legal conclusions with no supporting factual allegations.") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations

cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### B. Standard for Ineffective Assistance of Counsel

Petitioner raises ineffective assistance of counsel issues. Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). Under this test, to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id.* (citing *Strickland*, 466 U.S. at 687).

The first prong of the *Strickland* test requires a petitioner to show his attorney's performance was deficient by demonstrating that counsel's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The Supreme Court "has declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of

3

counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, *i.e.*, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established in order for the petitioner to meet his burden, it held there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry. *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

## II. BACKGROUND

### A. Procedural History

In March 2010, a federal grand jury indicted Petitioner and others for conspiring to distribute at least fifty grams of crack cocaine between December 2008 and January 2010, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). (Doc. 2, Count 1, Indictment.) Petitioner was also charged with intent to distribute crack cocaine on December 31, 2008 (Count Two), and distribution of crack cocaine on thirteen occasions between June 24, 2009,

4

and January 26, 2010 (Counts Three through Fifteen), all in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Doc. 2, Indictment.)

Initially, the parties negotiated a plea agreement under which Petitioner would plead guilty to a lesser-included offense of Count One (*i.e.*, a drug trafficking conspiracy with a lesser quantity), and the United States would move to dismiss the remaining counts. (Doc. 157, Plea Agreement.) On July 15, 2010, Petitioner pleaded guilty pursuant to the agreement. (Doc. 156, Courtroom Minutes.) Later, at his sentencing hearing on November 18, 2010, he effectively withdrew his guilty plea. During the allocution phase of the sentencing hearing, Petitioner informed the Court that he was not a "big time" drug dealer. Further, he asserted that he had been unfairly targeted and prosecuted as a "scapegoat" because he had previously accused law enforcement officers of assaulting him. (Doc. 360, 11/18/10 Sent. Tr., Page ID #1212-13.) As a result of the statements, the District Court rejected Petitioner's earlier guilty plea and set the case for trial. (*Id*. at Page ID # 1217-22; *see also* Doc. 261, Courtroom Minutes.)

Prior to trial, the government gave notice that it would seek an enhanced sentence based on two prior state drug felony convictions pursuant to 21 U.S.C. § 851. (Doc. 85.) Petitioner proceeded to trial in September 2011. He was convicted of Counts One through Fourteen of the Indictment, but acquitted of Count Fifteen. (Docs. 404, 405, 406, Courtroom Minutes; Doc. 407, Jury Verdict.) On December 2, 2011, the Court sentenced Petitioner to a prison sentence of 360 months. This sentence was at the bottom of the Guidelines range applicable to him as a career offender. (Doc. 469, 12/02/11; Doc. 440, Judgment.) Petitioner was sentenced in accordance with the Fair Sentencing Act of 2010 which increased the requisite amount of crack cocaine from fifty grams to 280 grams to trigger the mandatory minimum term of life imprisonment as a result of Petitioner's two prior felony drug convictions. (Presentence

Report ¶¶ 135, 146); *see also* 21 U.S.C. § 841(b)(1)(A)(iii).

The Petitioner timely appealed his conviction and sentence. He argued that the District Court erred in denying his motion to suppress wiretap evidence; that there was insufficient evidence to support the Petitioner's convictions; and that the District Court erred in denying Petitioner credit for acceptance of responsibility. (Doc. 436, Notice of Appeal); *United States v. Williams*, 524 Fed. App'x 195 (6th Cir. 2013). Petitioner's conviction and sentence were affirmed. *Williams*, 524 Fed. App'x at 196, 204.

While Petitioner's appeal was pending, Petitioner filed a Motion to Reduce Sentence under Guidelines Amendment 709 pursuant to 18 U.S.C. § 3582. (Doc. 447.) The District Court denied that motion without prejudice on the ground that the Court lacked subject matter jurisdiction. (Doc. 482.) However, the Court noted that Amendment 709 was in effect when Petitioner was sentenced and, therefore, his motion "attacks the Court's application of the Guidelines." *Id.* Petitioner thereafter timely filed this motion pursuant to 28 U.S.C. § 2255. (Doc. 553.)

### B. Facts Regarding Petitioner's Sentence

Petitioner was sentenced on December 2, 2011. (Doc. 469.) At the sentencing hearing, Petitioner objected to the Presentence Report on five grounds. The Petitioner objected to: (1) the inclusion of information regarding the Petitioner's alleged harassment of co-defendants; (2) a firearms enhancement; and (3) the lack of a reduction for acceptance of responsibility. Further, he argued for (4) retroactive application of the Fair Sentencing Act; and (5) he objected to the drug quantity amount attributed to him. The United States responded in opposition to all but two of those arguments. With respect to Petitioner's fourth and fifth arguments, the United States concurred with the retroactive application of the Fair Sentencing

Act and noted that the drug quantities were fixed in the addendum to the Presentence Report. The Petitioner's first three arguments or objections were overruled. (*See* Doc. 469, 12/2/11 Sent. Tr. Page ID ## 2126–28.) As a result, the Petitioner received the benefit of the Fair Sentencing Act and a reduction in the drug quantity attributable to him. (Doc. 469, 12/2/11 Sent. Tr, Page ID # 2128.) The District Court sentenced the Petitioner to a 360-month term of imprisonment. This term represented the bottom end of Petitioner's guideline range. (*Id*. at Page ID # 2163.) The sentence consists of 360 months on each of Counts One through 14, all terms to be served concurrently. (*Id.;* Page ID # 2163.) The District Court further ordered the Petitioner to serve an eight-year term of supervised release upon his release from prison. (*Id.;* Page ID # 2163.)

The sentence was calculated as follows: Petitioner's Base Offense Level for a violation of 21 U.S.C. § 841(a)(1) with an amount of 84.6 grams of cocaine base was twenty-six. U.S. Sentencing Guidelines Manual § 2D1.1(c)(7) (2011) (Presentence Report ¶ 85.) Two points were added to the offense level for possession of a firearm. U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2011) (Presentence Report ¶ 86.) The adjusted Offense Level was twenty eight. (Presentence Report ¶ 92.) Based on two prior state felony drug convictions, Petitioner was deemed a career offender. U.S. Sentencing Guidelines Manual § 4B1.1 (2011) (Presentence Report, ¶¶ 93, 110, 114.) Before trial, the government gave Petitioner notice, pursuant to 21 U.S.C. § 851, that it intended to seek the statutory enhancement of his sentence due to Petitioner's prior felony drug conviction. Under this enhancement, Petitioner's statutory maximum sentence was life. 21 U.S.C. § 841(b)(1)(A) (2009). As set forth in the chart found at U.S. Sentencing Guidelines Manual § 4B1.1 (2011), because Petitioner's maximum statutory sentence was life imprisonment, his offense level became thirty-seven.

Because of his career offender status, his criminal history category automatically became a VI. U.S. Sentencing Guidelines Manual § 4B1.1(b) (2011). Under the sentencing table, with an offense level of thirty-seven and a criminal history category of VI, his guideline range was 360 months to life imprisonment. U.S. Sentencing Guidelines Manual, ch. 5, pt. A, sentencing table (2011).

### III. ARGUMENT

Petitioner asserts that his classification under the Sentencing Guidelines as a career offender was in error and that he should have, but did not receive, the benefit of retroactive reductions in sentencing based on Amendment 709 to the Sentencing Guidelines. Challenges to a petitioner's Guidelines calculations are generally not reviewable under § 2255. *See, e.g., Grant v. United States*, 72 F.3d 503, 505 (6th Cir. 1996) ("[N]onconstitutional errors, such as mistakes in the application of the sentencing guidelines . . . ordinarily are not cognizable on collateral review."); *see also Sun Bear v. United States*, 644 F.3d 700, 704–06 (8th Cir. 2011) (*en banc*) (holding that petitioner's collateral attack on his career-offender designation was not cognizable under § 2255). Nevertheless, applying a generous interpretation of Petitioner's 2255 Motion, Petitioner asserts that his counsel was constitutionally ineffective for failing to raise appropriate arguments regarding his sentencing both with the District Court and on direct appeal. (*See* Petitioner's Brief in Support of 2255 Motion at 6, Page ID # 2494, Doc. 553.) As will be discussed, neither of these arguments has merit. Therefore, his counsel could not have been constitutionally ineffective for failing to raise them.

#### A. Petitioner's Classification as a Career Offender

The Presentence Report lists two predicate felony drug convictions that qualify the Petitioner as a career offender. (Presentence Report ¶¶ 110, 114.) Petitioner was arrested in

8

October 1997 for conspiracy to sell over .5 grams of cocaine and for sale of less than .5 grams of cocaine in violation of Tenn. Code Ann. § 39-17-417. He was sentenced on August 14, 1998, to a term of imprisonment of three years. (Presentence Report ¶ 110; Judgment of Bradley County Criminal Court, Doc. 553, Page ID # 2500.) Petitioner was arrested on August 10, 1998, for possession of over .5 grams of cocaine for resale in violation of Tennessee Code Annotated § 39-17-417. He was sentenced on August 14, 1998, to twelve years imprisonment. (Presentence Report ¶ 114; Judgment of the Bradley County Criminal Court, Doc. 553, Page ID # 2499.)

Tennessee Code Annotated § 39-17-417 states it is an offense for a defendant to knowingly manufacture, deliver, sell, or possess with intent to manufacture, deliver, or sell a controlled substance. *Id.* Convictions under this section for cocaine offenses constitute convictions for a Class B or Class C felony. Tenn. Code Ann. § 39-17-417(c). The minimum term of imprisonment for a Class B felony is eight years and for a Class C felony is three years. Tenn. Code Ann. § 40-35-111(b)(2)–(3). Section 4B1.1 of the U.S. Sentencing Guidelines Manual (2011) is the applicable career-offender provision, and it states,

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
>
> Section 4B1.2 defines "controlled substance offense" as used in §4B1.1 as follows:
>
> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute or dispense.

U.S. Sentencing Guidelines Manual § 4B1.2(b) (2011).

Petitioner argues, citing *Descamps v. United States*, 133 S. Ct. 2276 (2013), that the controlled substance crimes which form the basis of the predicate offenses for his career offender status are "divisible crimes," and, therefore, they do not apply to render him a career offender. The Supreme Court decided *Descamps* on June 20, 2013, after judgment in this case became final; therefore, Petitioner's counsel cannot be faulted for failing to cite this specific case in support of an argument to the District Court or the Sixth Circuit regarding improper sentencing. However, the Supreme Court in *Descamps* indicated that prior case law "all but resolves this case" indicating that *Decamps* was a clarification of existing law. Therefore, the Court will address Petitioner's "divisible" crimes argument.

*Descamps* examined when certain state crimes could be considered a qualifying "violent crime" for purposes of deeming a defendant an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). In *Descamps*, the Supreme Court explained how to apply a federal statute—the Armed Career Criminal Act, 18 U.S.C. § 924(e)—in a particular context. Specifically, in determining whether a prior conviction is a qualifying offense, courts are to employ a "modified categorical approach" rather than a "categorical approach" if the prior conviction involves the violation of a "divisible" statute—*i.e.*, one which "comprise[s] multiple, alternative versions of the crime" where at least one version of the crime constitutes a qualifying offense and at least one alternate version of the crime does not constitute a qualifying offense under the ACCA. *Id*. at 2281, 2284–85. In that circumstance, "the sentencing court may consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281. This "modified categorical approach" has been applied to the career-offender provision under the Sentencing Guidelines. *See e.g, United States v. Denson*, 728 F.3d 603, 608 (6th Cir. 2013)

(applying modified categorical approach as articulated in *Descamps* to determination of whether a prior conviction is a qualifying offense under the career offender provision).

Against this backdrop, Petitioner fails to articulate how any conviction for an offense of § 39-17-417 deviates from qualifying offenses as defined by § 4B1.2. To the contrary, Petitioner's relevant prior drug convictions under Tenn. Code Ann. § 39-17-417 fall squarely within the express parameters of a qualifying offense as defined by § 4B1.2. His claim that his prior drug convictions should not have been used to deem him a career offender is without merit.

Petitioner also argues that he should be resentenced and his drug convictions should be counted as one conviction, presumably because he was sentenced on the same day for each conviction. (Doc. 553, Petitioner's brief at 8-10; Page ID ## 2489-91.) Section 4A1.2(a)(2) explains that, in determining whether a defendant's multiple prior sentences should be counted separately or as a single sentence, the court should look to see if the sentences imposed for the offenses were separated by an intervening arrest. U.S. Sentencing Guidelines Manual § 4A1.2(a)(2) (2011). Specifically, § 4A1.2(a)(2) states,

> (2) If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.* the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence. *See also* §4A1.1(e).

*Id.*

Petitioner was arrested in October 1997 for conspiracy to sell cocaine over .5 grams on May 21, 1997. (Presentence Report ¶ 110.) The Presentence Report indicates that the exact

11

arrest date in October 1997 for this offense is unknown (Presentence Report ¶110), but two cases were instituted against him in the Bradley County, Tennessee Criminal Court in 1997, Cases Nos. 97-512 and 97-513. (Judgment of Bradley Cty. Crim. Ct., Doc. 553, Page ID # 2500.) Thereafter, Petitioner had two other intervening arrests. Petitioner was arrested on January 24, 1998, for criminal trespass, marijuana possession and evading arrest. (Presentence Report ¶111.) On March 10, 1998, the Petitioner was again arrested, this time for underage drinking and for driving offenses. (Presentence Report ¶112.) Petitioner was again arrested on May 13, 1998, for possession of marijuana and evading arrest. (Presentence Report ¶113.)

Petitioner was arrested for the second qualifying drug offense on August 10, 1998. On that date, the Petitioner was arrested for possession with intent to sell crack cocaine. (Presentence Report ¶114.) Because Petitioner's two qualifying drug offenses are separated by intervening arrests, they are counted as separate offenses pursuant to § 4A1.2(a)(2). Consequently, the Petitioner's prior sentences were properly separated and applied to deem Petitioner a career offender.

Finally, Petitioner also asserts that he must necessarily have been convicted of a quantity of drugs more than .5 grams to qualify as a career offender. (Petitioner's brief at 9; Page ID # 2490.) He is wrong. Section 4B1.2(b) makes no distinction as to drug amounts in defining the term "controlled substance offense" for purposes of the career offender statute. *See* § 4B1.2(b). Petitioner also cites *Begay v. United States*, 553 U.S. 137 (2008) to argue that .5 grams would not fall within § 4B1.2(b). Petitioner's reliance on *Begay* is misplaced. *Begay* applies to interpretation of the "violent felony" definition within the meaning of the Armed Career Criminal Act, not the "controlled substance" provision of the career offender section in the U.S. Sentencing Guidelines.

### B. Amendment 709 Sentencing Reduction

Petitioner argues he is entitled to a sentencing reduction under Guideline Amendment 709; however, he does not clearly articulate what that reduction should be. In any event, Amendment 709, adopted in 2007, was in effect when the Petitioner was sentenced. Therefore, Petitioner received the benefit of that amendment at sentencing. (*See* Doc. 482.) Petitioner suffered neither wrong nor prejudice with respect to the applicability of the amendment.

## IV. CONCLUSION

The Court has reviewed this 2255 Motion carefully and finds no merit in Petitioner's claims. For the reasons stated herein, the Court finds no evidentiary hearing for this motion brought pursuant to 28 U.S.C. § 2255 is necessary. The Court further concludes, on the basis of the record before it, that Petitioner is not entitled to relief. The 2255 Motion (Doc. 553) is therefore **DENIED**.

**APPROPRIATE ORDER TO ENTER.**

> **/s/** *Travis R. McDonough*
> **TRAVIS R. MCDONOUGH**
> **UNITED STATES DISTRICT JUDGE**